**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02098-REB

EDGY COMMUNICATIONS, LLC,
a Nevada limited liability company,

    Plaintiff,

v.

ANTHONY CORRADO, and
REX LOGAN,

    Defendants.

## ORDER OF REMAND

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction** [#17], filed October 11, 2007. The defendants filed a response [#23] on October 17, 2007. On October 18, 2007, I conducted a hearing on the motion. At my direction the parties filed briefs [#24 & #25] outlining their positions concerning this court's subject matter jurisdiction. I conclude that this court does not have subject matter jurisdiction over the claims asserted in the plaintiff's complaint. Therefore, as required by 28 U.S.C. § 1447(c), I remand this case to the state court where it was filed originally.

### I. BACKGROUND

Defendants, Anthony Corrado and Rex Logan, are the principals of Active RFID Systems, Inc. (ARS). The plaintiff, Edgy Communications LLC, alleges that on January

26, 2007, ARS and Apogee Total Solutions, Inc., executed a merger agreement. *Motion for temporary restraining order* [#17], Exhibit 8 (Merger Agreement). Edgy claims that after the Merger Agreement Edgy acquired Apogee and that Edgy has succeeded to Apogee's rights under the Merger Agreement.

According to Edgy, the Merger Agreement transferred to Apogee all of ARS's property and other rights, including ARS's rights to its EZ Trak system. The EZ Trak system is a technology for the manufacture and operation of radio frequency identification systems. An application for a patent on the EZ Trak system, filed by the defendants or one of their companies, currently is pending before the United States Patent and Trademark Office (USPTO). The defendants argue that the Merger Agreement no longer is binding because ARS properly withdrew from the Merger Agreement before it became effective.

Edgy filed this case originally in the District Court, Boulder County, Colorado. In its complaint Edgy asserts five claims for relief against the defendants, Corrado and Logan:

    1) <u>Declaratory relief</u> - Edgy seeks a declaration that the Merger Agreement is enforceable, and that Edgy is the rightful owner of the EZ Trak system under the terms of the Merger Agreement.

    2) <u>Breach of contract</u> - Edgy alleges Corrado and Logan breached the terms of the Merger Agreement.

    3) <u>Breach of the covenant of good faith and fair dealing</u> - Edgy alleges Corrado and Logan's actions breached the implied covenant of good faith and fair dealing.

    4) <u>Intentional interference with contractual relationships</u> - Edgy alleges that Corrado and Logan were aware of Edgy's agreements with third party investors, customers, and vendors concerning the EZ Trak system, and that Corrado and Logan have interfered with Edgy's contractual relationships with investors, customers, and vendors.

    5) <u>Intentional interference with prospective economic advantage</u> - Edgy

alleges that Corrado and Logan were aware of the future economic advantage Edgy expects to obtain from its relationships with investors, customers, and vendors based on the EZ Trak system, and that Corrado and Logan have interfered with this prospective economic advantage.

In its prayer for relief, the plaintiff seeks the following relief: 1) a declaration that the Merger Agreement is valid and enforceable, and that Edgy is the current owner of all of ARS's assets; 2) a finding that Corrado and Logan breached the agreement; 3) damages, including punitive damages; 4) injunctive relief prohibiting Corrado and Logan from interfering with Edgy's contractual relationships and prospective economic advantages; and 5) costs and attorney fees. *Complaint* [#2], pp. 7-8.

The state court granted the plaintiff's motion for a temporary restraining order and entered a temporary restraining order which prohibited the defendants from representing that they or ARS own or control the EZ Track system. The defendants filed a notice of removal, and the plaintiffs then renewed their request for a temporary restraining order and preliminary injunction in the motion now pending before me.

In their Motion for Temporary Restraining Order and Preliminary Injunction [#17], the plaintiffs ask that I enforce the state court's temporary restraining order as a preliminary injunction and that I issue a temporary restraining order enjoining the defendants and the United States Patent and Trademark Office from issuing a patent on the currently pending patent application for the EZ Trak system.

## II.  JURISDICTION

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338.

> (I)n order to demonstrate that a case is one "arising under" federal patent law "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." ***Pratt v. Paris Gas Light & Coke Co.***, 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897).

***Christianson v. Colt Industries Operating Corp.***,  486 U.S. 800, 807-808 (1988).

> . . . § 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

***Id***. Generally, an action based on contract, which involves the ownership of underlying patent rights, does not arise under patent law. ***Beghin-Say Intern., Inc. v. Ole-Bendt Rasmussen***, 733 F.2d 1568, 1571 (Fed. Cir. 1984) (fact that contract dispute involves agreements to assign future patent applications does not convert contract dispute cognizable in state courts to  federal question appropriate for determination in  federal court).  However,

> merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law. Just as a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions.

***Christianson***,  486 U.S. at 809 n. 3 (internal quotation and citations omitted).

The plaintiff argues that I have federal question jurisdiction on two bases.  First, the plaintiff argues that it alleges in its complaint that it has an ownership right in the pending patent application for the EZ Trak system.  This claim, the plaintiff asserts, is based on an allegation that a principal of the plaintiff contributed improvements to the EZ Trak system.  Paragraph eight of the complaint contains a brief, inexplicit reference to "other improvements by Apogee Total Solutions, Inc." to the EZ Trak system.  *Complaint* [#2],

4

filed October 5, 2007. Aside from this passing reference, the complaint contains no other allegation or indication that Edgy claims an interest in the patent application based on improvements contributed by Apogee. The oblique reference in paragraph eight of the complaint to "other improvements by Apogee Total Solutions, Inc." does not amount to a well pled claim of an interest in the patent application based on contributed improvements.

Second, the plaintiff argues that this court has jurisdiction over this case because the plaintiff now seeks, in its motion for temporary restraining order, an order prohibiting the USPTO from issuing a patent based on the pending patent application seeking a patent on the EZ Trak system. The plaintiffs do not assert an entitlement to relief against the USPTO in their complaint, and none of the five state law claims asserted in the complaint provides a basis for such relief. The plaintiffs cannot effectively amend their complaint by seeking different relief, relief against the USPTO, in a motion for temporary restraining order.

The defendants argue that all of the plaintiff's claims require resolution of a substantial question of federal patent law. For example, the defendants argue that an examination of the scope of the patent application for the EZ Trak system is required to determine whether the defendants are making false representations about the EZ Trak system. I disagree. Each of the plaintiff's five claims, as alleged in the complaint, revolve around the core claim that the Merger Agreement, a contract, effectively passed ownership of the EZ Trak system from ARS to Apogee. Resolution of this contract claim does not require resolution of a substantial question of patent law, including any interpretation of the scope of the EZ Trak patent application. Each of the plaintiff's claims hinges on their contract claim. None of the plaintiff's claims requires resolution of a

5

substantial question of federal patent law, and none of the plaintiff's claims includes patent law as a necessary element of the claim. The parties' efforts to morph the plaintiff's state law claims into patent claims, in an effort to create federal question jurisdiction, are unavailing.

Finally, I note *sua sponte* that the record does not support a claim of diversity jurisdiction. None of the parties has asserted such a claim. Although there is complete diversity between the plaintiff and the defendants, there is no basis in the record to conclude that the requisite amount in controversy is satisfied in this case. 28 U.S.C. § 1332(a).

### III.  CONCLUSION & ORDER

Addressing the procedure after a case has been removed from state court, 28 U.S.C. § 1447(c) provides, in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

I conclude that the plaintiff's claims do not require resolution of any substantial question of federal patent law. Absent a substantial question of federal patent law, this court does not have subject matter jurisdiction over the plaintiff's state law claims. This case must be remanded to the state court where it was filed originally.

**THEREFORE, IT IS ORDERED** that this case **IS REMANDED** to the District Court, Boulder County, Colorado (where it was filed originally as Case No. 07CV876).

Dated October 22, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

6